# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HUBBARD,<br>  Plaintiff,<br><br>    v.<br><br>MIANDMO INVESTMENTS LLC,<br>a California Limited Liability<br>Company; and Does 1-10,<br>  Defendants. | CV 20-05457 DSF (SPx)<br><br>Order to Show Cause |

  This is a disability discrimination case brought by Plaintiff Terry Hubbard against Miandmo Investments LLC for violating the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(a), and California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Plaintiff filed an Application for Default Judgment. Dkt. 15-1 (Mot.). For the following reason, ruling on the Application is deferred until Plaintiff has showed cause why this case should not be dismissed.

## I. Facts and Background

  Plaintiff suffers from cerebral palsy and is "substantially limited in his ability to walk." Dkt. 1 (Compl.) ¶ 1. As a result of his disabilities, Plaintiff requires a wheelchair for mobility. Id. In November 2019, Plaintiff visited Bernard's Burgers located at 11913 S. Avalon Blvd., Los Angeles, California 90061 "with the intention to avail himself of its goods and to assess the business for compliance with the disability access laws." Id. ¶ 8. Plaintiff alleges that Bernard's Burgers is "a facility open to the public, a place of public accommodation, and a business establishment." Id. ¶ 9.

In support of the Application for Default Judgment, Plaintiff stated that on April 27, 2020, his investigator visited Bernard's Burgers and took photos and measurements, confirming the barriers identified by Plaintiff and identifying additional barriers within Bernard's Burgers. (Mot. 1–2). The complaint was filed in federal court on June 19, 2020. (See Compl.)

In the course of ruling on Plaintiff's Application for Default Judgment, the Court discovered that Bernard's Burgers ceased operations on approximately May 20, 2020. In response, the Court ordered Plaintiff to show cause why: 1) the action should not be dismissed on standing or mootness grounds, and 2) why the state Unruh Act claim should not be dismissed under 28 U.S.C. § 1367(c). Dkt. 18 (OSC 1).

On March 2, 2021, Plaintiff filed his response to the OSC but addressed only the question of supplemental jurisdiction over the Unruh Act claim. See Dkt. 19. Plaintiff did not respond to the Court's Order to Show Cause on either the standing or mootness grounds. Id.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377–78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised by the court. Fed. R. Civ. P. 12(b)(1); fed. R. Civ. P. 12(h)(3)

Although Defendants have failed to appear and, therefore, failed to move to dismiss under Federal Rule of Civil Procedure 12(b)(1), "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir.2002) (internal quotation marks omitted). An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed. Seven Words LLC v. Network Solutions, 260 F.3d 1089, 1095 (9th Cir. 2001). Thus, this duty also extends to mootness. Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). The plaintiff bears the burden of establishing that subject matter

jurisdiction exists.  See United States v. Orr Water Ditch Co., 600 F.3d 1152, 1157 (9th Cir. 2010).  If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action.  See Fed. R. Civ. P. 12(h)(3).

## III. Discussion

### A.     Order to Show Cause

According to the Complaint, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3),[1] and 1343(a)(4).  Sections 1331 and 1343(a)(4) apply to this case because Plaintiff has alleged an ADA claim, a claim brought under Title III.  (Compl. ¶¶ 23, 30).  However, "damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002); see also Molski v. M.J. Cable Inc., 481 F.3d 724, 730 (9th Cir. 2007); 42 U.S.C. § 12188(a); 42 U.S.C. § 2000a–3(a).  In order to maintain his claims under Title III of the ADA, Plaintiff must have standing to obtain injunctive relief.

#### 1.     Standing

"To satisfy the constitutional requirements of standing, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Stickrath v. Globalstar, Inc., 527 F. Supp. 2d 992, 995 (N.D. Cal. 2007) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)) (internal quotation omitted).

---

[1] Title 28 Section 1343(a)(3) provides subject matter jurisdiction where there is a deprivation of federal rights under color of state law, but the Complaint contains allegations of conduct by only a private entity; they do not show conduct under color of state law.  Thus § 1343(a)(3) does not provide the Court jurisdiction.  Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

3

In the context of a claim for injunctive relief under Title III of the ADA, a plaintiff must "demonstrate a sufficient likelihood that he will again be wronged in a similar way. That is, he must establish a real and immediate threat of repeated injury." Fortyune v. Am. Multi–Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004) (citations omitted). Unless a plaintiff can show that he intends to return to an establishment that has discriminated against him, he cannot establish a real and immediate threat of repeated injury. See D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008); Bird v. Lewis & Clark College, 303 F.3d 1015, 1020 (9th Cir. 2002) (holding that student who had graduated and did not plan to return to her school lacked standing to pursue Title III claims against it).

If Bernard's Burgers had ceased operation prior to the filing of the Complaint, Plaintiff cannot demonstrate that he intends to return to the establishment without providing evidence to the Court that a new (and non-ADA conforming) establishment has opened and that the Defendants are still allegedly liable under 42 U.S.C. § 12183(a)(2).

### 2. Mootness

A case becomes moot when there is no longer a reasonable expectation the violation will recur and when there are no existing effects of the alleged violation. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Northwest Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). The Ninth Circuit has held an ADA case to be moot when the challenged premises have closed with no plans to reopen or lease to new tenants. Kohler v. Southland Foods, Inc., 459 F. App'x. 617 (9th Cir. 2011) (unpublished) (affirming district court's determination that ADA action was moot when defendant closed the restaurant that was the subject of the ADA action); see also Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 864 (9th Cir. 2017) ("A request for injunctive relief remains live only so long as there is some present harm left to enjoin.").

If Bernard's Burgers has ceased its operations and is no longer in business, and 11913 S. Avalon Blvd., Los Angeles, California 90061 is no longer a place of public accommodation, then Plaintiff's claims for injunctive relief are now moot. See id.

## IV. Conclusion

Before the Court dismisses the ADA claim, the Court will give Plaintiff one more opportunity to respond. Plaintiff is required to show that he had standing at the time of filing the Complaint and that his ADA claim is not moot. Plaintiff need not argue why the state law claim should not be dismissed under 28 U.S.C. § 1367(c).

Plaintiff is ordered to show cause in writing no later than June 23, 2021 why this case should not be dismissed on standing and mootness grounds.

Failure to timely show cause will result in the dismissal of this case without further warning.

IT IS SO ORDERED.

Date: June 15, 2021

Dale S. Fischer
United States District Judge