# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HUBBARD,<br>    Plaintiff,<br><br>        v.<br><br>MIANDMO INVESTMENTS LLC,<br>a California Limited Liability<br>Company; and Does 1-10,<br>    Defendants. | CV 20-05457 DSF (SPx)<br><br>Dismissal |

    This is a disability discrimination case brought by Plaintiff Terry Hubbard against Miandmo Investments LLC for violating the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(a), and California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Plaintiff filed an Application for Default Judgment. Dkt. 15-1 (Mot.). For the reasons that follow, the Court **DISMISSES** Plaintiff's ADA claim as moot and **DENIES** the Plaintiff's Application as moot.

### I. Facts and Background

    Plaintiff suffers from cerebral palsy and is "substantially limited in his ability to walk." Dkt. 1 (Compl.) ¶ 1. As a result of his disabilities, Plaintiff requires a wheelchair for mobility. Id. In November 2019, Plaintiff visited Bernard's Burgers located at 11913 S. Avalon Blvd., Los Angeles, California 90061 "with the intention to avail himself of its goods and to assess the business for compliance with the disability access laws." Id. ¶ 8. Plaintiff alleges that Bernard's Burgers is "a facility open to the public, a place of public accommodation, and a business establishment." Id. ¶ 9.

In support of the Application for Default Judgment, Plaintiff stated that on April 27, 2020, his investigator visited Bernard's Burgers and took photos and measurements, confirming the barriers identified by Plaintiff and identifying additional barriers within Bernard's Burgers. (Mot. 1–2). The complaint was filed in federal court on June 19, 2020. (See Compl.)

In the course of ruling on Plaintiff's Application for Default Judgment, the Court discovered that Bernard's Burgers ceased operations on approximately May 20, 2020. In response, the Court ordered Plaintiff to show cause why: 1) the action should not be dismissed on standing or mootness grounds, and 2) why the state Unruh Act claim should not be dismissed under 28 U.S.C. § 1367(c). Dkt. 18 (OSC 1).

On March 2, 2021, Plaintiff filed his response to OSC 1 but addressed only the question of supplemental jurisdiction over the Unruh Act claim. See Dkt. 19. Plaintiff did not respond to the Court's Order to Show Cause on either the standing or mootness grounds. Id.

On June 15, 2021, the Court ordered Plaintiff to show cause a second time; again Plaintiff was "required to show that he had standing at the time of filing the Complaint and that his ADA claim is not moot." Dkt. 20 (OSC 2). Plaintiff's response to the second OSC did not address standing but conceded "the subject business has ceased operation and there is no evidence that it will reopen" which "renders Plaintiff's claim for injunctive relief moot." Dkt. 21.

## II. Legal Standard

Federal courts are courts of limited jurisdiction and, until proven otherwise, cases lie outside the jurisdiction of the court. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377–78 (1994). Lack of subject matter jurisdiction may be challenged by either party or raised by the court. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3)

Although Defendants have failed to appear and, therefore, failed to move to dismiss under Federal Rule of Civil Procedure 12(b)(1),

"[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." Bernhardt v. County of Los Angeles, 279 F.3d 862, 868 (9th Cir.2002) (internal quotation marks omitted). If the Court finds that it lacks subject matter jurisdiction at any time, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3).

## III. Discussion

### A. ADA Claim (First Cause of Action)

According to the Complaint, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). Sections 1331 and 1343(a)(4) apply to this case because Plaintiff has alleged an ADA claim, a claim brought under Title III. (Compl. ¶¶ 23, 30). However, "damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III." Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002); see also Molski v. M.J. Cable Inc., 481 F.3d 724, 730 (9th Cir. 2007); 42 U.S.C. § 12188(a); 42 U.S.C. § 2000a–3(a). In order to obtain injunctive relief under Title III of the ADA, Plaintiff must have standing and the case must not be moot.[1] Arroyo v. Vasquez, No. CV 18-2116 DSF (EX), 2019 WL 6790688, at *3 (C.D. Cal. Aug. 14, 2019).

A case becomes moot when there is no longer a reasonable expectation the violation will recur and when there are no existing effects of the alleged violation. County of Los Angeles v. Davis, 440

---

[1] Twice the Court expressed concern that Plaintiff's lack Article III standing because Bernard's Burgers was not in business even at the time the complaint was originally filed. See OSC 1; OSC 2. Twice Plaintiff failed to respond to the Court's directives. See Dkt. 19; Dkt. 22. Because Plaintiff's counsel often appears before this Court, the Court suggests counsel apprise itself of the distinction between an "order" to do something and a "suggestion," lest it face a more onerous outcome in future instances of noncompliance with this Court's directives. Compare ORDER, Black's Law Dictionary (11th ed. 2019) ("A command, direction, or instruction."), with SUGGESTION, Black's Law Dictionary (11th ed. 2019) ("An indirect presentation of an idea.").

U.S. 625, 631 (1979). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Northwest Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). The Ninth Circuit has held an ADA case to be moot when the challenged premises have closed with no plans to reopen or lease to new tenants. Kohler v. Southland Foods, Inc., 459 F. App'x. 617, 618 (9th Cir. 2011) (unpublished) (affirming district court's determination that ADA action was moot when defendant closed the restaurant that was the subject of the ADA action); see also Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 864 (9th Cir. 2017) ("A request for injunctive relief remains live only so long as there is some present harm left to enjoin.").

According to Plaintiff,

> he directed his investigator to return to the subject business to determine whether the business was operational or whether there was any indication that it would resume operation. Having reviewed the information provided by his investigator, Plaintiff concurs that the subject business has ceased operation and there is no evidence that it will reopen.

Dkt. 21. Although Plaintiff then makes the awkward assertion that this is a "removal of the alleged barriers" he does correctly conclude that because he no longer faces a "real and immediate threat of repeated injury" his claim for injunctive relief is moot. Id. The Court agrees Plaintiff's ADA claim is moot and, **DISMISSES** for lack of subject matter jurisdiction.

**B. Unruh Act Claim (Second Cause of Action)**

Having dismissed Plaintiff's only federal claim, the Court declines to exercise supplemental jurisdiction because the balance of the equities does not "tip in favor of retaining the state-law claims." Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010); 28 U.S.C. § 1367(c)(3); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Plaintiff's Unruh Act claim is **DISMISSED** without prejudice. See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989) ("When, as here, the court dismisses the federal claim

leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.").

## IV. Conclusion

Plaintiff's ADA claim is **DISMISSED** as moot. Plaintiff's state law claim is **DISMISSED** without prejudice. Plaintiff's Application for Default Judgment, Dkt. 15, is **DENIED**.

IT IS SO ORDERED.

Date: June 29, 2021

Dale S. Fischer
United States District Judge